UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————————X

MICHAEL TRIPODI,

        Appellant,

        -against-

MARC A. PERGAMENT, Chapter 7 Trustee of the
Estate of Joseph Boccia,

        Appellee.
————————————————————————X
FEUERSTEIN, J.

**OPINION & ORDER**
**10 CV 104(SJF)**

On November 12, 2009, appellant Michael Tripodi ("Appellant") filed a notice of appeal from the Order (the "Bankruptcy Order") of the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), dated November 5, 2009, which (1) granted the motion of appellee Marc A. Pergament, Chapter 7 Trustee of the Estate of Joseph Boccia ("Appellee") to strike Appellant's Answer for his wilful failure and refusal to answer questions posed to him during a deposition, and for ignoring instructions given by the Bankruptcy Court during the deposition; (2) awarded sanctions to the Estate against Appellant and Appellant's counsel in the amount of one thousand dollars ($1,000); and (3) awarded attorney's fees and costs to the Estate against Appellant and Appellant's counsel in the amount of one thousand five hundred dollars ($1,500). On February 16, 2010, Appellee filed a motion to strike the notice of appeal and dismiss the appeal pursuant to Rule 8001 of the Federal Rules of Bankruptcy Procedure, and award Appellee his costs and attorney's fees pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure and Rule 11 of the Federal Rules of Civil Procedure. For the

1

reasons set forth below, Appellee's motion is granted in part and denied in part.

I.   Background

On March 30, 2009, Appellee commenced this adversary proceeding against Appellant, Salvatore Maffettone ("Maffettone"), and the Estate of Joseph Boccia ("Debtor") alleging that Appellant breached an oral partnership agreement entered into by Appellant, Maffettone, and Debtor. (Appellee's Affirmation in Support ("Aff."), at ¶ 8.) During Appellant's deposition held on July 30, 2009, Appellant refused to answer the questions posed to him, even after being directed to answer by the Bankruptcy Court. (Id., at ¶¶ 11 - 12.) Thereafter, Appellee moved to strike Appellant's answer and for sanctions based upon Appellant's disregard of the Bankruptcy Court's directives. (Id., at ¶ 16.) The Bankruptcy Court granted Appellee's motion on November 5, 2009, and this appeal followed. Subsequently, Appellee filed a motion for judgment against Appellant in the Bankruptcy Court. (Id., at ¶ 17.) On January 5, 2010, the Bankruptcy Court granted Appellee's motion as to liability and scheduled an inquest as to damages.

II.   Motion to Strike the Notice of Appeal

A.   Standard of Review

An appeal from "final judgments, orders, and decrees" of the Bankruptcy Court may be

appealed to a district court as of right. See 28 U.S.C. § 158(a)(1); Fed. R. Bankr. P. 8001(a). An order is final "if [it] finally dispose[s] of discrete disputes within the larger [bankruptcy] case." In re Penn Traffic Co., 466 F.3d 75, 77-78 (2d Cir. 2006) (citation omitted). "Given the strong federal policy against piecemeal appeals, . . . a 'dispute,' for appealability purposes in the bankruptcy context, means at least an entire claim on which relief may be granted." In re Fugazy Exp. Inc., 982 F.2d 769, 775-76 (2d Cir. 1992). "[T]he order need not resolve all of the issues raised by the bankruptcy; but it must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." Id. at 776.

"[I]nterlocutory orders and decrees" may be appealed "with leave of the court." 28 U.S.C. § 158(a)(3); see In re AroChem Corp., 176 F.3d 610, 618 (2d Cir. 1999) (stating that "[w]hile final orders of the bankruptcy court may be appealed to the district court as of right . . . appeals from nonfinal bankruptcy court orders may be taken only 'with leave' of the district court") (quoting U.S.C. § 158(a)(3)). "An appeal from an interlocutory judgment, order, or decree . . . shall be taken by filing a notice of appeal, . . . accompanied by a motion for leave to appeal . . . ." Fed. R. Bankr. P. 8001(b). "If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court" may: (1) "grant leave to appeal;" (2) "direct that a motion for leave to appeal be filed;" or (3) "deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal." Fed. R. Bankr. P. 8003(c).

To determine whether leave to appeal an interlocutory order should be granted, a district court considers whether: (1) "such order involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b);

3

see In re Cutter, No. 05 Civ. 5527, 2006 WL 2482674, at *4 (E.D.N.Y. Aug. 29, 2006) (stating that, while neither § 158 nor the Bankruptcy Rules "provides guidelines for determining whether a district court should grant leave to appeal, . . . most district courts in the Second Circuit have applied the analogous standard for certifying an interlocutory appeal from a district court order, set forth in 28 U.S.C. § 1292(b)") (citations omitted). While within the district court's "discretion" to permit an appeal from such order, 28 U.S.C. § 1292(b), "'the party seeking an interlocutory appeal has the burden of showing exceptional circumstances, to overcome the general aversion to piecemeal litigation and to show that the circumstances warrant a departure from the basic policy of postponing appellate review until after entry of a final judgment.'" In re Enron Corp., No. M-47, 2008 WL 281972, at * 3 (S.D.N.Y. Jan. 25, 2008) (quoting In re Worldcom, No. M-47, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003)); see also Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 921 F.2d 21, 25 (2d Cir. 1990) (stating that "only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment'") (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978)).

"A smaller number of district courts in the Second Circuit have applied the collateral order doctrine to decide whether to grant leave to appeal from an interlocutory order." In re Cutter, 2006 WL 2482674, at *4 (citation omitted.) The collateral order doctrine provides that "a court of appeals may review an interlocutory order that (1) conclusively determines a disputed question, (2) resolves an important issue completely separable from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment." In re Johns-Manville Corp.,

4

824 F.2d 176, 180 (2d Cir. 1987) (citing Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 125, 93 L.Ed. 1528 (1949); Coopers, 437 U.S. at 468, 98 S.Ct. at 2457.

B. Analysis

The Bankruptcy Order granting Appellant's motion to strike Appellant's Answer is an interlocutory order. See Burns v. Imagine Films Entertainment, Inc., No. 92-Cv-243S, 1996 WL 808065, at *1 (W.D.N.Y. Oct. 10, 1996) (denying leave to appeal an interlocutory order striking defendant's answer). Appellant neither filed a motion seeking leave to appeal the Bankruptcy Order, nor opposed Appellee's motion to strike the notice of appeal. Accordingly, construing Appellant's notice of appeal as a motion for leave to appeal, the motion is denied, because "interlocutory appeals are strongly disfavored in federal practice," In re Adelphia Communications Corp., No. 07 Civ. 9999, 2008 WL 361082, at * 1 (S.D.N.Y. 2008), and Appellant has not met his burden of showing "exceptional circumstances" to warrant appellate review of an interlocutory order. See Klinghoffer, 921 F.2d at 25 (citation omitted). Moreover, an immediate appeal would not materially advance the termination of the litigation, as instead of allowing for a default judgment, a remand would require further litigation in the Bankruptcy Court. See Gottesman v. General Motors Corporation, 268 F.2d 194, 196 (2d Cir. 1959) (denying leave to appeal an interlocutory order as doing so would "only stimulate the parties to more and greater pre-trial sparring apart from the merits").

The Bankruptcy Order also does not fall withing the "narrow exception" provided under the collateral order doctrine, Richardson-Merrell Inc. v. Koller, 472 U.S. 424, 430-31, 105 S.Ct.

2757, 2761, 86 L.Ed.2d 340 (1985), as the Bankruptcy Order "may be reviewed on appeal from any judgment adverse to [Appellant]." Americare Health Group, Inc. v. Melillo, 223 B.R. 70, 74 (E.D.N.Y. 1998). See also In re Johns-Manville Corp., 824 F.2d at 180 (stating that the collateral order doctrine "is confined to 'trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal'")(quoting Richardson-Merrell, 472 U.S. at 430-31, 105 S.Ct. at 2761).

Accordingly, Appellant is denied leave to appeal the Bankruptcy Order and Appellee's motion to dismiss the appeal is granted.

III.  Attorney's Fees

Appellee has moved for an award of attorney's fees pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure ("Rule 9011").[1] (Appellee's Affirmation in Support, Ex. B.) Rule 9011(b) requires that prior to the submission of a pleading to the Court, the party must certify that:

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

---

[1] Appellee has also moved pursuant to Rule 11 of the Federal Rules of Civil Procedure for the same relief. As "Rule 9011 parallels Federal Rule of Civil Procedure 11 ('Rule 11'), containing only such modifications as are appropriate in bankruptcy matters and . . . [the] application of Rule 9011 is informed by Rule 11 jurisprudence," this Court shall consider the motions simultaneously. In re Highgate Equities, Ltd., 279 F.3d 148, 151 (2d Cir.2002)

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Rule 9011(B0(1)-(4). A court has the discretion to impose sanctions upon a party or attorney responsible for a violation of Rule 9011(b). Id.; Perez v. Posse Comitatus, 373 F.3d 321, 325 (2d Cir.2004).

Appellee seeks sanctions based upon Appellant's failure to seek leave of Court to appeal an interlocutory order in conflict with existing law in violation of Rule 9011(b)(2). However, "[m]onetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2)," see Rule 9001(c)(2)(A), and therefore, Appellee's motion for attorney's fees is denied.

V. Conclusion

For the foregoing reasons, Appellee's motion to strike the notice of appeal and dismiss the appeal is granted, and Appellee's motion for sanctions is denied.

**SO ORDERED.**

SANDRA J. FEUERSTEIN
United States District Judge

Dated: September 3, 2010
Central Islip, New York